# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**   Tel: 718-740-1000
Email: abdul@abdulhassan.com   Fax: 718-740-2000
*Employment and Labor Lawyer*   Web: www.abdulhassan.com

August 20, 2021

**Via ECF**

Hon. Robert M. Levy, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

         **Re: Olivares v. Los Paisanos Meat Market Inc. et al**
         Case #:  20-CV-06375 (ARR)(RML)
         Motion for Settlement Approval

Dear Magistrate-Judge Levy:

     My firm represents plaintiff Edgar Olivares ("Plaintiff" or "Olivares") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action in this action as per Your Honor's order. Defendants and Plaintiff all join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully executed copy of the settlement agreement will be provided to the Court once Defendants' formally sign.

     Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages and spread of hour wages under the FLSA and NYLL as well as liquidated damages. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of NYLL 195.

     Based on the allegations in the complaint, Plaintiff is owed approximately $63,427 ($33,579 in overtime wages and $29,848 in spread of hour wages) under the six-year statute of limitations period – including about $9,158 in unpaid overtime wages under the FLSA's two-year statute of limitations period for non-willful violations. Plaintiff was employed by Defendants from in or around 2003 to on or about June 27, 2020. The complaint in this action was filed on December 31, 2020. (See ECF No. 1).

     Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence as to the wage notice and

wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, exchange of information and input at the mediations conducted by an experienced FLSA mediator from this Court's mediation program – Mr. Raymond Nardo.

It is Defendants' position that Plaintiff may not be entitled to overtime wages, and they have produced records purporting to show that he was paid overtime wages correctly and that he may only be owed a much smaller amount of spread of hour wages. Defendants may also be able to avoid the imposition of liquidated damages if they prove a good-faith affirmative defense. Defendants also dispute the work hours alleged by Plaintiff. In general Defendants deny Plaintiff's allegations.

After weighing the law and the facts as well as the strengths and weaknesses of the parties' position and the impact of the COVID-19 pandemic, Mr. Raymond Nardo, an experienced FLSA mediator through this Court's program, made a settlement recommendation that was accepted by the parties at the second mediation session held in this case – the first mediation session was adjourned so additional documents and information could be obtained.

The total settlement amount is $35,000. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff is due to receive $22,517 after costs and a 1/3 contingency fee in three installments.

Under the settlement agreement, Plaintiff's counsel is due to receive reimbursement of One Thousand, Two Hundred and Twenty-Five Dollars ($1,225) in filing ($400), mediation ($550) and service costs ($275), plus a 1/3 contingency fee of Eleven Thousand, Two Hundred and Fifty-Eight Dollar ($11,258)[1]. (See Ex. 1 ¶ 2). See *Venegas v. Mitchell*, 495 U.S. 82, 89-90

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

(1990). See also *Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is governed by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Drammeh v. TGS Washes, LLC et al*, Case No. 18-CV-05879 (Magistrate-Judge Levy - EDNY May 29, 2019)(1/3 fee of $8,714 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Vassell v. Village Plumbing & Heating, Inc. et al*, 17-CV-03510 (Magistrate-Judge Pollak – EDNY)(1/3 fee of $8,815 under *Cheeks*); *Ortiz v. Threeline Imports, Inc. et al*, 17-cv-02411 (Magistrate-Judge Pollak – EDNY)(1/3 fee of $8,148 under *Cheeks*); *Myers v. Bowl 360 Inc. et al*, 16-CV-06684 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $6,815 under *Cheeks*); *Harris v. O'Connell Protection Services, LLC et al*, 17-CV-02226 (Judge Feuerstein – EDNY)(1/3 fee of $10,315 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY)(approving $4,000 in damages and $55,000 in fees and costs under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants' dispute liability and if a jury believes Defendants, Plaintiff will receive a lot less or nothing. Second, the settlement amount is the product of a mediator's proposal. Third, Defendants dispute the hours and wages claimed by Plaintiff. Fourth, it appears that Defendants cannot afford to pay a higher settlement number as further confirmed by the installment nature of the settlement. Fifth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable.

---

See *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit.")

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:     Defense Counsel via ECF**