DocuSign Envelope ID: 075C4AE6-876B-4C3C-A686-3DF1BC28C207

# SETTLEMENT AGREEMENT AND RELEASE

Los Paisano's Meat Market Inc., and Michael Affronti (collectively "Defendants"), and Edgar David Olivares ("Olivares"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition**.

    a. "Agreement" shall mean this Settlement Agreement and Release.

    b. "Days" shall mean consecutive calendar days.

    c. "Plaintiff" shall mean Edgar David Olivares.

    d. "Defendants" shall mean Los Paisano's Meat Market Inc., and Michael Affronti.

    e. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendants on December 31, 2020, in the United States District Court, Eastern District of New York, with Civil Action #: 20-CV-06375 (ARR)(RML).

    f. "Court" means the United States District Court for the Eastern District of New York, the Honorable Allyne R. Ross, U.S.D.J., and the Honorable Robert M. Levy, U.S.M.J., presiding.

    g. "Released Claims" shall mean any and all claims asserted (or that could have been asserted) under federal, state or local law on behalf of the Plaintiff that arose any time during the period of time from the first date that such individual worked for any of the Defendants through the date of this Agreement, that relate to or otherwise concern compensation, minimum wages, overtime, spread-of-hours, unpaid tips, wage statement or wage notice including all such claims for same arising under the Fair Labor Standards Act, New York Labor Law, and any other federal, state or local law or common law, including for liquidated damages, interest, penalties, and attorneys' fees and costs or expenses of any nature related to such claims for the periods of time in which the Plaintiff worked for any of the Defendants.

2. **Consideration**. In consideration for Plaintiff's execution of and compliance with this Agreement, including Plaintiff's waiver and release of all claims as stated herein, Defendants agree to make the following payments totaling Thirty-Five Thousand Dollars and Zero Cents ($35,000.00):

    a. A check made payable to "Edgar David Olivares" in the amount of Three Thousand Seven Hundred Fifty-Two Dollars and Zero Cents ($3,752.00), less applicable taxes and withholdings, to be reported on an IRS Form W-2 due within thirty (30) days of court approval of this settlement agreement;



    b.    A check made payable to "Edgar David Olivares" in the amount of Three Thousand Seven Hundred Fifty-Three Dollars and Zero Cents ($3,753.00), to be reported on an IRS Form 1099-MISC (Box 3), due within thirty (30) days of court approval of this settlement agreement;

    c.    A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Four Thousand One Hundred Sixty-One Dollars and Zero Cents ($4,161.00), representing partial payment of a 1/3 contingency fee ($11,258.00) plus costs ($1,225.00), to be reported on an IRS Form 1099-MISC (Box 14) due within thirty (30), days of court approval of this settlement agreement;

    d.    A check made payable to "Edgar David Olivares" in the amount of Three Thousand Seven Hundred Fifty-Two Dollars and Zero Cents ($3,752.00), less applicable taxes and withholdings, to be reported on an IRS Form W-2 due within sixty (60) days of court approval of this settlement agreement;

    e.    A check made payable to "Edgar David Olivares" in the amount of Three Thousand Seven Hundred Fifty-Three Dollars and Zero Cents ($3,753.00), to be reported on an IRS Form 1099-MISC (Box 3), due within sixty (60) days of court approval of this settlement agreement;

    f.    A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Four Thousand One Hundred Sixty-One Dollars and Zero Cents ($4,161.00), representing partial payment of a 1/3 contingency fee ($11,258.00) plus costs ($1,225.00), to be reported on an IRS Form 1099-MISC (Box 14) due within sixty (60), days of court approval of this settlement agreement;

    g.    A check made payable to "Edgar David Olivares" in the amount of Three Thousand Seven Hundred Fifty-Two Dollars and Zero Cents ($3,752.00), less applicable taxes and withholdings, to be reported on an IRS Form W-2 due within ninety (90) days of court approval of this settlement agreement;

    h.    A check made payable to "Edgar David Olivares" in the amount of Three Thousand Seven Hundred Fifty-Five Dollars and Zero Cents ($3,755.00), to be reported on an IRS Form 1099-MISC (Box 3), due within ninety (90) days of court approval of this settlement agreement;

    i.    A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Four Thousand One Hundred Sixty-One Dollars and Zero Cents ($4,161.00), representing partial payment of a 1/3 contingency fee ($11,258.00) plus costs ($1,225.00), to be reported on an IRS Form 1099-MISC (Box 14) due within ninety (90), days of court approval of this settlement agreement;

    j.    The payments in Sections 2(a), (b), (c), (d), (e), (f), (g), (h) and (i) above shall be sent by overnight delivery to the office of Plaintiff's counsel, Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.



7493320.2

k. Plaintiff agrees and acknowledges that Defendants and their counsel have not made any representation to Plaintiff regarding the tax consequences of any payments or amounts received by Plaintiff pursuant to this Agreement.

l. In the event Defendants are in default of any of the payments required in Sections 2(a), (b) and/or (c) above, Plaintiff or his counsel, will give Defendants written notice of said default via, certified mail and email to Defendants' counsel, Certilman Balin Adler & Hyman, LLP, attn: Mr. Douglas Rowe, Esq. at 90 Merrick Ave., 9th Floor, East Meadow, New York 11554, drowe@certilmanbalin.com. Defendants will have ten (10) days from receipt of such notice to cure the default. If Defendants do not cure the default within ten (10) days of the notice, Plaintiff and his counsel shall have the right to a judgment or supplemental judgment against Defendants in the amount of Forty-Seven Thousand Five Hundred Dollars and Zero Cents ($47,500.00) less any monies paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Mutual Release of Claims.**

a. By operation of the entry of an Order approving the this Agreement, and except as to such rights or claims as may be created by this Agreement, Plaintiff forever and fully releases all Defendants, the respective owners, members, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators of any of them, and all persons acting by, through, under or in concert with any of them from the Released Claims, as defined in Section 1(g) of this Agreement.

b. Except as otherwise expressly provided in this Agreement, Plaintiff, hereby irrevocably and unconditionally releases, acquits, and forever discharges any claim that he may have against Defendants for attorneys' fees or costs or expenses associated with Plaintiff's counsel's, or any other attorney's, representation of any of the individuals in this Action. Plaintiff's counsel further understands and agrees that any fee payments and cost and expense reimbursement, if any, payable to Plaintiff's counsel approved by the Court will be the full, final and complete payment of all attorneys' fees, costs and expenses associated with Plaintiff's Counsel's representation of the plaintiff in the Action.

c. By operation of the entry of an Order approving this Agreement, and except as to such rights or claims as may be created by this Agreement, Defendants knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that it has or may have against Plaintiff, as of the date of execution of this Agreement.

DocuSign Envelope ID: 075C4AE6-876B-4C3C-A686-3DF1BC28C207

5. **Acknowledgments and Affirmations**.

a. Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

6. **Cooperation Between the Parties; Further Acts**. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

7. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

8. **Amendment**. Except as provided in Paragraph 7 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

9. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Agreement and the settlement of this action.

10. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

11. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

7493320.2

12. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

13. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

14. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

15. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Olivares was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Olivares is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**EDGAR OLIVARES**

By: _____ (DocuSigned by: 53B6E22277F740F...)

Date: 8/20/2021 _____

**DEFENDANT:**

**LOS PAISANO'S MEAT MARKET INC.**

By: _____

Print Name _____

Title _____

Date: _____

**DEFENDANT:**

**MICHAEL AFFRONTI**

By: _____

Date: _____

7493320.2